IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY C. RINEHART, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 6:04cv139 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Came on this day for consideration the above-entitled and numbered cause of action. After careful consideration of the *Plaintiff's Brief in Support of Request for Judicial Review* (Docket No. 19), Defendant's *Brief in Support of Commissioner's Decision* (Docket No. 21), the transcript, and the entire record, the Court is of the opinion that the following order should issue.

### I. PROCEDURAL HISTORY

The Plaintiff, Gregory Rinehart (hereinafter "Rinehart"), brought this action pursuant to 42 U.S.C. § 405(g) for a judicial review of a final decision of the Commissioner of Social Security (hereinafter "Commissioner") denying his claim for disability insurance benefits (hereinafter "DIB").

Rinehart protectively filed his current application for DIB on April 24, 2000, alleging disability since January 15, 2000, based on alleged impairments in the form of lower back

and neck pain. His applications were denied initially and on reconsideration. Pursuant to the Plaintiff's request, a hearing was held on July 19, 2002. At the time that the Plaintiff last met the special earnings requirement under Title II on June 30, 2001, he was 44 years old. At the time of the September 10, 2002, administrative decision, he was 46 years old. Rinehart, who has a high school education, appeared and testified at the hearing and was represented by counsel. A vocational expert (hereinafter "VE") also appeared and testified at the hearing. On September 10, 2002, the Administrative Law Judge (hereinafter "ALJ") denied the Plaintiff's claim on the basis that he can perform work that exists in significant numbers in the national economy. The Plaintiff requested Appeals Council review of the ALJ's decision, which the Appeals Council denied on or about January 28, 2004. Accordingly, the ALJ's decision became the final decision of the Commissioner for the purposes of this Court's review pursuant to 42 U.S.C § 405(g). The appeal is now ripe for consideration.

## II. STANDARD OF REVIEW

In reviewing the decision of the Commissioner, this Court's role is limited to the following issues:

(1) Whether the final decision is supported by substantial evidence; and

(2) Whether proper legal standards were used to evaluate the evidence. [1]

42 U.S.C. § 405 (g); *Brown v. Apfel,* 192 F.3d 492 (5th Cir. 1999) (quoting *McQueen v. Apfel,* 168 F.3d 152, 157 n.2 (5th Cir. 1999)); *see also Anthony v. Sullivan,* 954 F.2d 289,

---

[1] It should be noted that the Court has carefully and completely reviewed the entire record as required in such cases. *See Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990).

292 (5th Cir. 1992); *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989); *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir. 1988).

When applying the "substantial evidence" standard, this Court must scrutinize the record to determine if there is, in fact, such evidence present in the record. *Haywood,* 888 F.2d at 1466. Substantial evidence means more than a mere scintilla, but less than a preponderance. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 228, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

As specifically defined by the Fifth Circuit with regard to social security cases, "substantial evidence" is:

> Such evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a mere suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Haywood*, 888 F.2d at 1466.

"Disability" is defined as an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that is expected to result in death or last for twelve or more months. *Id.* An individual applying for disability bears the initial burden of proving that he or she is disabled. *Id.* Once this original burden is satisfied, the Commissioner bears the burden of "establishing that the claimant is capable of

performing substantial gainful activity and, therefore is not disabled." *Id.* In determining whether or not a claimant is capable of performing substantial gainful activity, the Commissioner utilizes the five-step sequential procedure set out in 20 C.F.R. § 416.920 (b)(f).

The steps are as follows:

(1) An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings, age, education and work experience.

(2) An individual who does not have a "severe impairment" will not be found to be disabled.

(3) An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

(4) If an individual is capable of performing the work he has done in the past, a finding of "not disabled" will be made.

(5) If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity will be considered to determine if the individual can perform any other kind of substantial gainful employment according to the Medical-Vocational Guidelines as set forth by the Secretary.

*Id.*; *Brown v. Apfel,* 192 F.3d 492, 498 (5th Cir. 1999) (quoting *Leggett v. Chater,* 67 F.3d 558, 564 n. 2 (5th Cir. 1995)); *see also Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir. 1990).

The claimant bears the burden of proof on the first four parts of the inquiry. *Leggett,* 67 F.3d at 564. The burden then shifts to the Commissioner on the fifth prong. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994). This shifting of the burden of proof to the

Commissioner is neither statutory nor regulatory, but instead, originates from judicial practices. *See Brown,* 192 F.3d at 498 (citing with approval *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987) ("The shifting of the burden of proof is not statutory, but is a long-standing judicial gloss on the Social Security Act.").

On an appeal from the Commissioner's decision, the Court is not to reweigh the evidence, try the issues *de novo,* or substitute its judgment for that of the Commissioner. *Id.*; *Johnson v. Bowen,* 864 F.2d 340, 343 (5th Cir. 1988); *Neal v. Bowen,* 829 F.2d 528, 530 (5th Cir. 1987). Further, "[i]f the [Commissioner's] findings are supported by substantial evidence, they are conclusive and must be affirmed." *Brown,* 192 F.3d 492 (5th Cir. 1999) (quoting *Selders v. Sullivan,* 914 F.2d 614, 617 (5ht Cir. 1990)); *see also* 42 U.S.C. § 405(g). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve" *Selders,* 914 F.2d at 617. What we strive for is "[j]udicial review [that is] deferential without being so obsequious as to be meaningless." *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir. 1986).

### III. THE ALJ'S FINDINGS

In the instant case, the ALJ made the following findings:

(1)  The claimant met the special earnings requirements of the Act of January 15, 2000, his alleged disability onset date, and he continued to meet them only through June 30, 2001.

(2)  The claimant did not engage in substantial gainful activity from January 15, 2000, his alleged disability onset date, through the date of this decision.

(3)  The claimant's degenerative disc disease of the cervical and lumbar spine with disc space narrowing, neck and low back pain, and lower

   extremity pain and numbness is more than a slight abnormality and causes more than a minimal effect on his ability to engage in basic work-related activities. He has an impairment or a combination of impairments considered "severe" base on regulatory requirements.

(4) These medically determinable severe impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

(5) The claimant's allegations and contentions of pain and other symptomatology are generally credible for the reasons set forth in the body of the decision. They are not credible to the extent they would preclude the functionality capacity depicted in finding no. 7.

(6) The medical opinions in the record regarding the severity of the claimant's impairments have been accorded appropriate weight as set forth in the body of the decision.

(7) The claimant has the following residual functional capacity: sit 6 hours in an 8-hour workday, stand and/or walk 2 hours in an 8 hour workday; lift and carry nominal weight frequently, and up to 10 pounds occasionally, and push and/or pull commensurate with lifting limitations with no pushing or pulling of foot controls. He requires a sit/stand option at 30 minute intervals. Additionally, he has the non-exertional limitations of no commercial driving; an option to use a cane in his non-dominant left hand for balance and walking; inability to work around extreme vibration; inability to perform more than simple repetitive work activity; inability to work in a more than a low stress work environment; and inability to provide customer service, although he is capable of occasional public contact. This is consistent with the exertional and non- exertional requirements for a restricted range of sedentary work activity.

(8) The claimant is unable to perform his past relevant work as a cashier/clerk , maintenance mechanic supervisor, police officer, or desk sargent.

(9) The claimant is defined as a younger individual at all times under consideration herein.

(10) The claimant has a high school education, which is defined as high school or above.

(11) The claimant's residual functional capacity for the full range of sedentary work activity is restricted by his sit/stand option at 30 minute intervals. Additionally, he has the non-exertional limitations of no commercial driving; an option to use a cane in his non-dominant left hand for balance and walking; inability to work around extreme vibration; inability to perform more than simple repetitive work activity; inability to work in a more than a low stress work environment; and inability to provide customer service, although he is capable of occasional public contact.

(12) The claimant has no transferable job skills.

(13) Although the claimant's exertional limitations do not allow him to perform the full range sedentary work, using Medical-Vocational Rules 201.21 and 201.28 as a framework for decision making, there are a significant number of jobs in the national economy that he could perform.

(14) The claimant was not under a "disability," as defined in the Social Security Act at any time from January 15, his alleged onset date, through the date of this decision.

The Court has completely and carefully reviewed the parties' briefs and the transcript and has determined that there is substantial evidence in the record to support the ALJ's findings.

## IV. ANALYSIS

In his brief, the Plaintiff alleges that the ALJ's findings are unsupported by medical opinion evidence in the case. However, after reviewing the record, it is clear that the Plaintiff must fail on this point of error, as the ALJ specifically referenced the medical evidence she relied upon in making this determination. Specifically, the ALJ indicated that the record reflected that the Plaintiff had a longitudinal history of

degenerative disc disease of the cervical and lumbar spine (Tr. 15). The ALJ also noted that when the Plaintiff presented for a consultative examination in January 2001, he admitted to the consultative examiner that he had not seen a physician since 1997. Therefore, the ALJ properly determined that during the relevant period of time from the Plaintiff's currently alleged disability onset date of January 15, 2000, until the consultative examination on January 17, 2001, there was no evidence of medical treatment (Tr. 16). *Fraga v. Bowen*, 810 F.2d 1296, 1303 (5th Cir. 1987) (The frequency of treatment may be properly considered in evaluating severity of alleged pain.).

Furthermore, the objective medical record also disclosed that when the Plaintiff was examined by Charles R. Gordon, M.D., in June 2001, Dr. Gordon noted that although the Plaintiff had received "quite a bit" of conservative treatment in the past, he did not report any recent treatment. Dr. Gordon noted that the Plaintiff "smokes approximately two packs of cigarettes per day and has quite significant alcohol use." Dr. Gordon determined that an updated MRI should be obtained (Tr. 271-73). The Plaintiff was seen for a follow-up by Dr. Gordon in July 2001. Although Dr. Gordon noted that the updated MRI showed clear evidence of disc disruption at L5-S1, the Plaintiff indicated that he did not want anything done in terms of progressive/conservative care or surgery (Tr. 269-70).

It is well-settled that where treatment would remedy an impairment and a claimant fails to follow prescribed treatment without a good reason, the claimant will

not be found disabled. *Johnson v. Sullivan*, 894 F.2d 683, 685 n.4 (5th Cir. 1990); *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988); *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987).

By definition, Residual Functional Capacity (hereinafter "RFC") is an assessment of an individual's ability to do sustained work activities on a regular and continuing basis. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001); 20 C.F.R. §§ 404.1545 and 416.945 (2005). The ALJ properly defined RFC and cited to the appropriate regulation as well as SSR 96-8p (Tr. 15).

The ALJ found that the Plaintiff retains the RFC to perform a restricted range of sedentary work activity, including occasionally lifting up to 10 pounds; frequently lifting/carrying nominal weights; pushing and/or pulling commensurate with lifting limitations (with no pushing or pulling of foot controls); sitting for up to 6 hours in an 8 hour workday, standing/walking for up to 2 hours in an 8 hour workday (sit/stand option at 30 minute intervals). The ALJ further found that the Plaintiff has additional non-exertional limitations of no commercial driving; an option to use a cane in his non-dominant left hand for balance and walking; an inability to work around extreme vibration; an inability to perform more than simple repetitive work activity; an inability to work in more than a low stress work environment; and, an inability to provide customer service (although he would be capable of occasional public contact (Tr. 22, 24; Finding No. 7).

It is also well-settled that the ALJ is responsible for determining RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). After reviewing the record and the opinion of the ALJ, the Court finds that the she properly assessed the Plaintiff's RFC in accordance with the regulations and Social Security Rulings by considering all the relevant evidence (Tr. 11-25).

Rinehart also argues that the ALJ's RFC determination is not supported by substantial evidence. Specifically, he argues that the ALJ improperly determined that he is limited to simple repetitive work activity and work in a low stress work environment because of a mental impairment or limitation. However, the record does not indicate that the ALJ found that the Plaintiff has a mental impairment (Tr. 11-25). Moreover, it does not appear that the Plaintiff has previously alleged a mental impairment and the objective medical record does not disclose any psychiatric treatment for a mental impairment.

What is included in the record is an analysis of the Plaintiff's credibility and the impact that his pain or other symptomatology has on his capacity to engage in work activity (Tr. 18-20).

The ALJ did not find that the Plaintiff has *no* pain or other symptomatology, but found that his allegations are generally credible with the exception that they are credible only to the extent that they are consistent with the medical evidence of record and the functional capacity properly found by the ALJ in the September 10, 2002, administrative decision (Tr. 19, 24; Finding No. 5).

## V. CONCLUSION

In light of the Court's extensive review of the record in this case, the Court finds that the record contains substantial evidence that supports the ALJ's determination that the Plaintiff is not disabled. Further, the Court finds that the ALJ utilized the appropriate legal standards of review in reaching her decision in this matter. As such, the ALJ's findings must be affirmed.

It is therefore

> **ORDERED** that the ALJ's September 10, 2002 decision that the Plaintiff is not entitled to a period of disability or disability insurance benefits under the Social Security Act is hereby **AFFIRMED.**

It is further

> **ORDERED** that any other relief not herein expressly granted is hereby **DENIED**.

It is further

> **ORDERED** that this case is **CLOSED.**

 **SIGNED this 29th day of March, 2006.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE